# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| **RAM VISHNU L L C ET AL** | **CASE NO.  2:21-CV-04229** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MT. HAWLEY INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss or, in the alternative, Motion to Abstain [doc. 10] filed by defendant Mount Hawley Insurance Company ("Mount Hawley"). Ram Vishnu, LLC and LC Inns, LLC ("plaintiff") oppose the motions. Doc. 13.

## I.
### BACKGROUND

This suit arises from a first-party insurance dispute following property damage incurred by plaintiff in Hurricane Laura and Hurricane Delta, in August and October 2020. Plaintiff owns hotel properties in Lake Charles, Louisiana, which were insured at all relative times under a commercial policy issued by Mount Hawley. Plaintiff alleges that Mount Hawley failed to timely and adequately pay on its coverage claims after the storm. It filed suit in this court on December 9, 2021, raising claims of breach of insurance contract and bad faith under Louisiana law. Doc. 1.

Meanwhile, plaintiff had hired TRSI, LLC d/b/a Target Solutions ("Target Solutions") to do mitigation work after both storms. This work was performed pursuant to

a service agreement between the representative of plaintiff and other hotel-owning limited liability corporations insured by Mount Hawley, and Target Solutions, under which the hotels "agreed, and Target Solutions relied upon as a material inducement, that all insurance proceeds would be paid directly to Target."[1] Doc. 10, att. 2, ¶ 23; *see* doc. 10, att. 8. This agreement also contained a forum selection clause providing for exclusive venue for disputes arising from the contract and the work in McClennan County, Texas. Doc. 8, att. 8. Target Solutions alleged, in relevant part, that it had been unable to collect on its invoices due to underpayment by Mount Hawley and withholding of funds by plaintiff and the other hotels. It filed suit against Mount Hawley, plaintiff, and the other hotels in the 414th Judicial District Court, McClennan County, Texas, on May 6, 2021. Doc. 10, att. 2. Plaintiff has filed an appearance in that suit.[2] Meanwhile, Mount Hawley filed a cross-claim for declaratory judgment against plaintiff, seeking a ruling that it has paid all sums due under the policy. Doc. 10, att. 5. Plaintiff has answered the claim. Doc. 10, att. 6.

Mount Hawley asserts that the purported assignment to Target Solutions makes it an indispensable party to plaintiff's first party insurance claim and seeks dismissal of the suit pending in this court under Federal Rule of Civil Procedure 12(b)(7). Doc. 10. In the alternative, it asks the court to abstain from exercising jurisdiction because the parties'

---

[1] The contract provides, in relevant part:

> Owner has hazard and/or other insurance in place with _____ Company which may cover all or part of such Work. Owner hereby authorizes and directs my/its insurance company to make payment directly to TARGET for such Work, and Owner assigns and transfers to TARGET all the rights Owner may have to collect and receive payment for the Work from my/its insurance company.

Doc. 10, att. 8.
[2] Plaintiff initially filed a special appearance, objecting to jurisdiction, but withdrew same. Doc. 10, atts. 3 & 4.

differences can be resolved in the earlier-filed suit. *Id.* Plaintiff opposes both motions, arguing that Target Solutions does not meet the narrow definition of an indispensable party for this under Federal Rule of Civil Procedure 19 and that there is no justification for abstention. Doc. 13.

## II.
### LAW & APPLICATION

### A. Motion to Dismiss

Rule 12(b)(7) provides for dismissal of a case for failure to join a required party under Federal Rule of Civil Procedure 19. Rule 19, in turn, provides in relevant part:

> ***Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
> > **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). If joinder of such a person is not feasible, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Id.* at 19(b).

"A Rule 12(b)(7) analysis entails two inquiries under Rule 19. The court must first determine under Rule 19(a) whether a person should be joined to the lawsuit. If joinder is warranted, then the person will be brought into the lawsuit. But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to

press forward without the person or to dismiss the litigation." *HS Resources, Inc. v. Wingate,* 327 F.3d 432, 439 (5th Cir. 2003). The burden rests with the movant to show that a party is both necessary and indispensable. *Payan v. Continental Tire N. Am., Inc.*, 232 F.R.D. 587, 589 (S.D. Tex. 2005).

Mount Hawley maintains that Target Solutions is a necessary party to this suit by way of plaintiff's assignment and that it cannot be joined to this suit because of the forum selection clause. On the first point it argues that complete relief is impossible in this matter without Target Solutions, because Target Solutions also asserts a claim for sums due under the policy. On the second, Mount Hawley argues that Target Solutions cannot be joined to this suit because of its forum selection clause and notes that Target Solutions has already relied on that clause by filing suit in Texas state court.

An insured's assignment of rights to insurance payments provides the assignee with a "direct, substantial, legally protectable interest in the proceedings." *Crum & Forster Spec. Ins. Co. v. Explo Sys., Inc.*, 2013 WL 5961117, at *3 (W.D. La. Jul. 17, 2013) (quoting *Disaster Relief Servs. of N. Car. v. Employers Mut. Cas. Ins. Co.*, 2009 WL 935963 (W.D. La. Apr. 6, 2009)). The court accepts that Target Solutions, as alleged assignee of plaintiff's coverage for mitigation work, is a necessary party to this breach of insurance contract case. Meanwhile, a forum selection clause renders joinder of a party infeasible when that party will not waive its right to litigation in the preferred forum. *E.g.*, *Innovative Display Technologies v. Microsoft Corp.*, 2014 WL 2757541, at *5–*6 (E.D. Tex. June 17, 2014). Assuming that Target Solutions will enforce its forum selection

clause, as it has already done by filing suit in Texas state court, then the court must determine whether it is an indispensable party to this litigation.

In considering whether the litigation should proceed in the absence of the necessary party, the court looks to the following factors:

> **(1)** the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> **(2)** the extent to which any prejudice could be lessened or avoided by:
>> **(A)** protective provisions in the judgment;
>> **(B)** shaping the relief; or
>> **(C)** other measures;
> **(3)** whether a judgment rendered in the person's absence would be adequate; and
> **(4)** whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). No factor is dispositive. *Lee v. Learfield Comms., LLC*, 486 F.Supp.3d 1041, 1048 (E.D. La. 2020) (citing *Gensetix, Inc. v. Bd. of Regents of Univ. of Tex. Sys.*, 966 F.3d 1316, 1326 (5th Cir. 2020)). Instead, this analysis presents a "practical inquiry, with an emphasis on pragmatism, whereby the various harms that the parties and the absentees might suffer are considered." *Id.*

Any judgment rendered in Target Solutions's absence carries a high potential for prejudice, since Target Solutions claims a right to the same proceeds under an alleged assignment. Mount Hawley is likewise exposed to a risk of conflicting or inconsistent obligations if litigation is allowed to proceed in both forums. Meanwhile, plaintiff could ostensibly raise its breach of contract and bad faith claims against Mount Hawley in the Texas litigation, though it is not a convenient place for such litigation and those claims

stretch far beyond the scope of Target Solutions's claims for reimbursement for the mitigation work.

On the other hand, adequate relief can be afforded to plaintiff in this suit in Target Solutions's absence. The resulting prejudice can also be mitigated if this court declines to consider any claims arising from the mitigation work performed by Target. Plaintiff's assignment only covered reimbursement for that work, rather than a right to all insurance proceeds. Meanwhile, the parties can address insurance coverage and other issues relating to the mitigation work in the Texas litigation. This option provides for more efficient resolution of both cases, and is vastly preferable to scattering first-party insurance claims to the various courts where mitigation companies and other purported assignees might have bound plaintiffs through a forum selection clause. Given this option, the court is able to proceed without Target Solutions in equity and good conscience. Accordingly, the motion to dismiss will be denied.

### B. Motion to Abstain

In the alternative, Mount Hawley asks that the court abstain from exercising jurisdiction over this suit due to the existence of parallel litigation. With the above modification, excluding insurance claims arising from the mitigation work from this court's consideration, the Texas action only parallels this one through Mount Hawley's cross-claim for declaratory judgment on the sufficiency of all of its payments to plaintiff under the policy. To the extent Mount Hawley wishes to maintain such a broad claim, it must pay the cost for duplicative discovery and filings. Meanwhile, plaintiffs have a right to try their breach of insurance contract claims in the forum of their choice and the court

finds no good cause for failing to exercise its jurisdiction over the suit. Accordingly, the motion will be denied.

### III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss and Motion to Abstain [doc. 10] will be denied. Plaintiff will be ordered to amend its complaint, limiting its claims in this matter to insurance coverage issues other than those arising from the mitigation work contracted to Target Solutions.

**THUS DONE AND SIGNED** in Chambers on this 17th day of March, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**